UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:                                          Case No. 16-21260-LMI

                                                Chapter 7

RAYDENE CHRISTIAN,

          Debtor.
_____/

MULTIBANK 2009-1 RES-ADC                        AP No. 16–01544–LMI
VENTURE LLC,

          Plaintiff,

v.

RAYDENE CHRISTIAN,

          Defendant.
_____/

**MOTION TO STRIKE DEMAND FOR JURY TRIAL AND
AFFIRMATIVE DEFENSES #13, #14, and #16**

MULTIBANK 2009-1 RES-ADC VENTURE, LLC, (the
*"Plaintiff"*) moves to strike Raydene Christian's (the *"Defendant"*)
demand for a jury trial and her affirmative defenses raised in
paragraphs 13, 14, and 16 of her Answer and Affirmative Defenses
[ECF No. 9] (the *"Answer"*) and states:

<u>PRELIMINARY STATEMENT</u>

Plaintiff filed the instant action seeking *solely* to deny the
Defendant's discharge. In her Answer, the Defendant raises
numerous affirmative defenses under the guise of disputing

Plaintiff's claim. Even had the Defendant not scheduled Plaintiff's claim as undisputed, Plaintiff has a final judgment against Defendant which this court lacks jurisdiction to revisit under the *Rooker-Feldman* doctrine. Assuming that were not the case, even a disputed creditor may still prosecute a discharge objection under section 727. Moreover, because Plaintiff is only seeking denial of discharge, the determination of this matter is both a public right and equitable in nature, and thus there is no jury trial right implicated.

## LIMITED FACTUAL BACKGROUND

1.      On February 16, 2016, the Circuit Court of the 11th Judicial District (the **"State Court"**) in and for Miami-Dade County entered a final judgment (the **"Final Judgment"**) against the Defendant in the amount of $131,208.21. A copy of the Final Judgment is attached hereto as **Exhibit A**.

2.      On February 18, 2016. The Defendant filed a case under chapter 7 as case number 16-12266 (the **"February Case"**). In the February Case, the Defendant scheduled Plaintiff's claim and undisputed, non-contingent, and liquidated at Schedule E/F 4.16 in the amount of the Final Judgment. *See February Case, ECF No. 1* at 25. Such schedules were signed under penalty of perjury. *Id.* at 38.

3.      On August 16, 2016, the Defendant refiled under chapter 7, as Case No. 16-21260 (the **"August Case"**). In the August Case, the Defendant scheduled Plaintiff's claim and undisputed, non-contingent, and liquidated at Schedule E/F 4.16 in the amount of the Final Judgment. *See August Case, ECF No. 8* at 19. Such

schedules were signed under penalty of perjury. *Id.* at 33.

4. On October 4, 2016, Plaintiff filed the instant adversary proceeding, seeking to deny the Debtor's discharge based on a series of transfers and misrepresentations in the August Case and February Case.

5. On November 18, 2016, Defendant filed her Answer, raising, *inter alia*, the following affirmative defenses:

> 13) Lack of Notice - Defendant alleges that she was never noticed on any of the state court proceedings that resulted in the underlying judgment
>
> 14) Illegality of Procurement of the Underlying Debt – Defendant alleges that Plaintiff illegally obtained the right to pursue this claim from the FDIC or any other party.
>
> . . .
>
> 16) Private Right – Defendant asserts all causes of action in this case to be legal in nature involving a matter of private rights.

Defendant also demanded a jury trial in paragraph 17. Such demand is identical to the separate jury demand set forth at ECF No. 10.

<u>ANALYSIS</u>

A. Affirmative Defenses #13 and #14 should be stricken both because they are irrelevant and <u>because this court cannot determine such issues</u>

    *a. #13 and #14 are irrlevant in an action under section 727.*

6.    First, any dispute as to the underlying debt Plaintiff holds is irrelevant. "Nearly all courts faced with objections to standing on this basis decline to adjudicate the merits of the creditor's disputed claim." *Jeffrey M. Goldberg & Assocs., Ltd. v. Holstein (In re Holstein)*, 299 B.R. 211, 224 (Bankr. N.D. Ill. 2003) (collecting cases). "The trustee, a creditor, or the United States trustee may object to the granting of a discharge under subsection (a) of this section." 11 U.S.C. § 727(c). Of course, a creditor is an "entity that has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor." 11 U.S.C. § 101(10). And "claim" clearly includes disputed, unliquidated, and other possibly deficient claims. 11 U.S.C. § 101(5). "Since the holder of a disputed claim is a 'creditor,' . . . the creditor has standing to seek denial of the debtor's discharge notwithstanding the dispute." *Holstein,* 299 B.R. at 225. Put more simply, any dispute does not matter.

7.    Of course, even if it were relevant, the Defendant has scheduled Plaintiff's claim as undisputed in two separate cases under penalty of perjury. Plaintiff need not cite the many cases from this District which uniformly hold that the Debtor's dispute of a previously undisputed scheduled claim is clearly in bad faith (and likely sanctionable) when the dispute suddenly arises when convenient.

       b. *Rooker Feldman proscribes revisiting*
          *the Final Judgment.*

8.    "Where a debtor objects to a claim that is based on a state court judgment, thereby attempting to collaterally attack the judgment in bankruptcy court, the Rooker-Feldman doctrine bars that attack." *Al-Sedah v. Ala. Dep't of Revenue (In re Al-Sedah)*, 347 B.R. 901, 904 (Bankr. N.D. Ala. 2005).

9.    This is precisely what the Defendant seeks to do through the assertion of affirmative defenses #13 and #14. The Court should not allow Defendant to move forward on such a collateral attack. Of course, even if that doctrine were not to apply, this Court has held that "under Florida law, even a pure default judgment, entered when there is no participation by the defendant, is sufficient to satisfy the 'actually litigated' element of collateral estoppel under Florida law." *Hernandez v. Nunez (In re Nunez)*, 400 B.R. 869, 875 (Bankr. S.D. Fla. 2008) (citations omitted). Clearly, under Florida law, there are no grounds for denying that the Plaintiff is a creditor of the Defendant.

B.  Affirmative defense #16 and the demand for a
     jury trial should be stricken as this is an
     <u>equitable adjudication of a public right</u>

       a. *There is no jury trial right in the adjudication of a*
         *constitutionally core public right.*

10.    As a threshold matter, affirmative defense #16 is no affirmative defense at all. Whether a matter is a public right certainly affects whether a non-Article III judge may enter a final judgment, but it does not provide a defense to the action. In the highly unlikely event that an action under §727 could be found to be

a constitutionally non-core, private right action, nothing in the body of jurisprudence suggests that somehow Plaintiff would be unable to obtain relief were the reference withdrawn. For that reason, affirmative defense #16 should be stricken regardless of whether this Court holds that the action is constitutionally non-core.

11.     Defendant cites *Granfinanciera v. Nordberg*, 492 U.S. 33, 36, 109 S. Ct. 2782, 2787 (1989) in her demand for a jury trial. *Granfinanciera,* however, is a fraudulent transfer case. *Id.* at 56. Critically, that case holds that "fraudulent conveyance actions [are] claims . . . to augment the bankruptcy estate. . . They therefore appear matters of private rather than public right." *Id*. "The Seventh Amendment protects a litigant's right to a jury trial only if a cause of action is legal in nature and involves a matter of 'private right.'" *Id.* at 42 n.4.

12.     But this is not an action to augment the estate. Instead, determinations of entitlement to a discharge "are so fundamental to our bankruptcy system that they should, therefore, be viewed as 'public rights'." *Calderon v. Bank of Am. Corp. (In re Calderon)*, 497 B.R. 558, 565 (Bankr. E.D. Ark. 2013). "Disputes over rights created by the Bankruptcy Code itself as part of the public bankruptcy scheme also fall within the 'public rights' exception." *In re Reeves*, 509 B.R. 35, 58 (Bankr. S.D. Tex. 2014). The grant of a "discharge is a statutory right undergirded by public policy considerations." *Hass v. Hass (In re Hass)*, 273 B.R. 45, 52 (Bankr. S.D.N.Y. 2002).

13.     "Congress, acting for a valid legislative purpose pursuant to its constitutional  powers under Article I, may create a seemingly 'private' right that is so closely integrated  into a public

regulatory scheme as to be a matter appropriate for agency resolution . . . . ." *Thomas v. Union Carbide Agric. Prods. Co.,* 473 U.S. 568, 593-94, 105 S. Ct. 3325, 3339-40 (1985). This is precisely the case here. To the extent that an objection to a discharge by a creditor bears any resemblance to a private right adjudication, it is clearly so fundamentally integrated with the core scheme of bankruptcy (the granting of a fresh start) as to be appropriate for determination without a jury trial in the bankruptcy court. For this reason, a "claim for denial of the debtor's bankruptcy discharge is a 'public rights' controversy, involving only the Debtors and the bankruptcy estate, which the bankruptcy court may constitutionally adjudicate." *Chantel v. Pierce (In re Chantel)*, Nos. AZ-14-1511-PaJuKi, AZ-14-1514-PaJuKi, 2015 Bankr. LEXIS 2174, at *9 n.11 (U.S. B.A.P. 9th Cir. July 1, 2015).

> **b.** *There is no jury trial right in the adjudication of a matter in equity.*

14.    At this juncture, the Defendant has demanded a jury trial but has not objected to the entry of final orders by the bankruptcy court. To that end, even if the matter is a non-core private right, the Bankruptcy Court could enter final orders and judgments <u>so long</u> as no jury trial right exists.[1]

15.    "As to . . . a jury trial[,] in cases like this one, it is sufficient to say that such a mode of trial is not required in suits in equity. . . ." *Mugler v. Kansas*, 123 U.S. 623, 673, 8 S. Ct. 273, 303 (1887). "The remedy sought under both § 523 and § 727 is a

---

[1] Assuming *arguendo* that the matter is a private-right equitable determination, then a jury trial right would not be implicated in equity, but the Defendant would enjoy a right (if not waived) to an Article III decisionmaker (without a jury). Since the Defendant does not seem to have invoked such a right, so long as no jury trial is implicated, the bankruptcy court should be able to fully determine the matter.

declaration that the debt (§ 523) or the debtor (§ 727) is not entitled to the equitable power of the Bankruptcy Code." *Jaster v. Schmidt (In re Schmidt)*, 188 B.R. 36, 38 (Bankr. D. Nev. 1995).

16.    "[I]n an action to deny or revoke a debtor's discharge, neither party has the right to a jury trial because a complaint under § 727 is equitable in nature. *Tomey v. Dizinno (In re Dizinno)*, 532 B.R. 231, 240 (Bankr. M.D. Pa. 2015). As such, the Defendant "has no constitutional right to a jury trial because a complaint to deny discharge is primarily an equitable proceeding, and the constitutional right to a jury trial applies to suits at common law." *Clippard v. Russell (In re Russell)*, 392 B.R. 315, 373 (Bankr. E.D. Tenn. 2008).

## CONCLUSION

For all these reasons, Defendant's affirmative defenses ##13, 14, and 16 should be stricken along with her request for a jury trial. She should not be permitted to relitigate the standing of a judgment creditor as a creditor, and she has no right to invoke the Seventh Amendment here.

*Remainder of Page Intentionally Left Blank*

WHEREFORE, Plaintiff asks this Court to enter an Order (1) striking affirmative defenses ##13, 14, and 16; (2) striking the Defendant's request for a jury trial; and (3) such other and further relief as is just and appropriate.

Respectfully submitted,

/s/ Lawrence E.  Pecan
Lawrence E. Pecan, Esquire
Florida Bar No. 99086
In-House Counsel
Rialto Capital
790 NW 107 Avenue, Suite 400
Miami, Florida 33172
Lawrence.Pecan@rialtocapital.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the of the foregoing was served on Diego Mendez as counsel for the Defendant on the date listed thereunder by transmission of notices of electronic filing.

Respectfully submitted,

/s/ Lawrence E.  Pecan
Lawrence E. Pecan, Esquire

# EXHIBIT A

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

MULTIBANK      2009-1      RES-ADC
VENTURE, LLC,

      Plaintiff,

vs.

RAYDENE Y. CHRISTIAN,

      Defendant.

CASE NO.: 2015-CA-023211
DIVISION: 15

_____/

## FINAL JUDGMENT

THIS CASE came on to be heard before the Court upon Plaintiff, MULTIBANK 2009-1

RES-ADC VENTURE, LLC ("Plaintiff"), Motion for Summary Judgment (the "Motion")

against Defendant, RAYDENE Y. CHRISTIAN, and supporting affidavits.  The Court, having

reviewed the Complaint, the Motion and the Affidavits filed in support thereof, as well as the

other documents on file, and being otherwise fully advised in the premises, it is hereby:

    1.    ORDERED and ADJUDGED, that Plaintiff, whose principal address is 790 NW

107th Avenue, Suite 400, Miami, Florida 33172, shall recover from Defendant, RAYDENE Y.

CHRISTIAN, whose principal address is 8665 NW 2nd Terrace, Miami, FL 33126   the sums of:

| | |
|---|---|
| Principal Balance | $54,699.07 |
| Interest on Note through 12/29/15 | $70,587.23 |
| Per Diem Interest @ $26.59 from 12/30/15 through 2/16/16 | $1,302.91 |
| Escrow Advances | $1,770.00 |
| Court Costs | $549.00 |
| Attorney's Fees | $2,300.00 |
| **Total Due** | **$131,208.21** |

all of which shall bear interest at the statutory rate provided by Florida Statute §55.03 and set by

the Chief Financial Officer, for all of which let execution issue.

2.      IT IS FURTHER ORDERED AND ADJUDGED that Defendant, RAYDENE Y.

CHRISTIAN, shall complete the Florida Civil Procedures Form 1.977 (Fact Information Sheet)

attached hereto as Exhibit "A" and return it to Plaintiff's counsel within forty five (45) days from

the date of this final judgment, unless the final judgment is satisfied or a motion for a new trial or

notice of appeal is filed.

ORDERED in MIAMI-DADE County, Florida, on the _____ day of February, 2016.


                                                    Conformed Copy
                                            _____
                                            CIRCUIT COURT JUDGE
                                                            FEB 16 2016
Copies Furnished to:

Daniel Wasserstein, Esquire, Wasserstein, P.A., 301 Yamato Road, Suite 2199, Boca Raton, FL 33431
                                                            JOSE M. RODRIGUEZ
Raydene Y. Christian, 8665 NW 2nd Terrace, Miami, FL 33126          Circuit Judge