UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re: Case No. 16-21260-LMI
Chapter 7

RAYDENE CHRISTIAN,
Debtor.
_____/
MULTIBANK 2009-1 RES-ADC     AP No. 16−01544−LMI
VENTURE LLC,
Plaintiff,
v.
RAYDENE CHRISTIAN,
Defendant.
_____/

## AMENDED INITIAL DISCLOSURES

RAYDENE CHRISTIAN, (the *"Defendant"*) makes the following initial disclosures under Fed. R. Civ. P. 26(a)(1):

the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;

**Raydene Christian**
8665 NW 2nd Ter, Miami, FL 33126.
Knowledge concerning the debtor, the filing of the schedules, the veracity thereof, and the intent therewith when signing same. General knowledge concerning each and every assertion in the complaint.

**Dale Christian (Sister)**
8665 NW 2nd Ter, Miami, FL 33126 (during her time in Florida)
Knowledge of Defendant's general financial state of affairs, expenses, transfers, income and trustworthiness.

**Arla D. Christian (Mother)**
8665 NW 2nd Ter, Miami, FL 33126.
Knowledge of Defendant's general financial state of affairs, expenses, transfers, income and trustworthiness.
Ownership of the Nissan Versa.

**Dorilt Christian (Father)**
8665 NW 2nd Ter, Miami, FL 33126.
Knowledge of Defendant's general financial state of affairs, expenses, transfers, income and trustworthiness.

**Arla Carcahe (Sister)**
3300 SW 192 Ave, Miramar FL 33029
Knowledge of Defendant's general financial state of affairs, expenses, transfers, income and trustworthiness.

**Ivann Christian (Cousin)**
1005 NW 105 Street
Miami, FL 33150
Knowledge of the January 2016 $3900.00 transaction at issue.

**Rialto Capital, Inc.**
Address known to Plaintiff
Person with the most knowledge of the acquisition, maintenance and collection of the alleged underlying debt between the parties

**FDIC**
Address known to the Plaintiff
Person with the most knowledge of the acquisition, maintenance and collection of the alleged underlying debt between the parties

**Belkys Alvarez**
c/o Mendez Law Offices, PLLC
3750 87th Ave, Suite 280
Doral, FL 33178
Paralegal at Mendez Law Offices, PLLC who inputted all Debtor/Defendant's Schedules

a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment;

The following public records:

> The petition in the February Case.
> The February Case Means Test Calculation filed on 2/18/16
> The March 2, 2016 Motion to Dismiss the February Case
> The March 7, 2016 Motion to Dismiss the February Case

    The March 8, 2016 agreed order in the February Case to convert the case to chapter 13.
    The May 24, 2016 Notice of Deficiency in the February Case
    The May 31, 2016 objection to plan confirmation in the February Case.
    The June 15, 2016 order dismissing the February Case.
    The July 28, 2016 motion to shorten in the February Case.
    The petition filed in the August Case.
    The August 19, 2016 Motion to Impose filed in the August Case.
    The August 19, 2016, Means Test Calculation filed in the August Case.
    The September 14, 2016, schedule amendment in the August Case.
    The deed which is recorded at page 261, book 3467 of the official records of Carroll County, GA
    The deed which is recorded at page 284, book 3467 of the official records of Carroll County, GA.
    The deed which is recorded at page 641, book 5262 of the official records of Carroll County, GA.

- Failed deed between Defendant and her sister Dale.
- Copies of all mortgages on Briarwood property.
- Copies of all payment advices used in the creation of the all versions of the means test filed with this court.
- All supporting documents relating to expenses.
- All supporting documents relating to Defendant's tithing.
- All documents submitted to both the Chapter 13 and Chapter 7 trustee relating to this case, including any documents provided at any 2004 examination of the debtor.

a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered;

    ● Not applicable

for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

    ● Not applicable

                      Respectfully submitted,

                      MENDEZ LAW OFFICES, PLLC
                      Attorneys for Defendants
                      P.O. BOX 228630
                      Miami, Florida 33172

Telephone: 305.264.9090  
Facsimile: 305.264.9080  
Email: diego.mendez@mbdlawgroup.com  
By:

_____s/_____  
DIEGO GERMAN MENDEZ, ESQ.  
FL BAR NO.: 52748

###