UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:                                              Case No. 16-21260-LMI

                                                    Chapter 7

RAYDENE CHRISTIAN,

        Debtor.
_____/

MULTIBANK 2009-1 RES-ADC                            AP No. 16-01544-LMI
VENTURE LLC,

        Plaintiff,

v.

RAYDENE CHRISTIAN,

        Defendant.
_____/

### EXPEDITED MOTION TO DISMISS ADVERSARY PROCEEDING UPON AGREEMENT OF THE PARTIES

> This matter is set for trial on March 28, 2017. Therefore, expedited consideration of the procedure for the contemplated settlement is necessary to avoid duplication of judicial effort and ensure fair notice to all parties. An effort to resolve without a hearing is inapplicable for relief of this type.

    MULTIBANK 2009-1 RES-ADC VENTURE, LLC, (the *"Plaintiff"*) pursuant to Fed.R.Bankr.P. 7041 moves to dismiss the instant adversary proceeding and seeks the entry of an order

substantially in the form of the attached Exhibit "A." As good grounds, Plaintiff states as follows.

## BACKGROUND

1. This action began on October 4, 2016, upon the filing of a complaint seeking to deny the discharge of Raydene Christian (the *"Debtor"*) under various theories.

2. At the time the action was filed, the chapter 7 trustee (the *"Trustee"*) had received extension of the deadlines under rules 4003 and 4004.

3. During the pendency of this case, the Rule 4004 deadline expired for all creditors, the Trustee, and the United States Trustee.

4. The matter is set for hearing tomorrow, March 28, 2017.

5. Over the weekend, the Plaintiff and the Debtor reached a settlement in order to settle all disputes by and between them. The terms are as follows:

   a. $5,000.00 to be paid to Plaintiff within 45 days
   b. $5,000.00 to be paid to Plaintiff on or before May 1, 2018
   c. $500.00 per month to be paid to Plaintiff for 24 months, beginning June 1, 2017.
   d. To the extent the distribution on the Plaintiff's claim is less than $10,000.00, the difference between such amount and $10,000.00 shall be paid to Plaintiff on May 1, 2019.
   e. Upon nonpayment of any amount due, Plaintiff shall provide 30 days notice to counsel for the Debtor. If not cured within such time, Plaintiff

      shall be entitled to an ex parte order revoking the Debtor's Discharge.

  f. Effective upon the entry of the order dismissing the adversary proceeding, the Debtor shall be deemed to release Plaintiff, and its/their parent and affiliates (including but not limited to Rialto Capital Advisors, LLC and Rialto Capital Advisors of New York, LLC), Quantum Servicing Corporation, the Federal Deposit Insurance Corporation, acting in any and every capacity, including but not limited to its capacity as Receiver for the original lender (the "FDIC"), and the original lender, and each of their respective affiliates, agents and assigns the **"Rialto Releasees"**) for any claim or cause of action, known or unknown.

  g. Upon payment in full of all amounts set forth in (a)-(d) above, the Rialto Releasees will be deemed to release the Debtor from any liability.

## ANALYSIS

Plaintiff acknowledges that "it is against public policy to sell discharges." *Butler v. Almengual (In re Almengual)*, 301 B.R. 902, 908 (Bankr. M.D. Fla. 2003). Presumably for this reason, Rule 7041 provides that:

> a complaint objecting to the debtor's discharge shall not be dismissed at the plaintiff's instance without notice to the trustee, the United States trustee, and such other persons as the court may direct, and only on order of the court containing terms and conditions which the court deems proper.

The best-reasoned case law sets forth a three-prong test for the agreed dismissal of a §727 objection as follows:

> 1) there has been adequate disclosure to creditors, the United States trustee, and the case trustee;
>
> 2) other creditors have had the opportunity to substitute themselves as the objecting plaintiff and continue the litigation; and
>
> 3) the objection to discharge is dismissed prior to the approval of the proposed dischargeability settlement.

*Walton v. Applegate (In re Applegate)*, 498 B.R. 383, 386 (Bankr. S.D. Ga. 2013).

For this reason, the parties believe the entry of an interim order setting notice, objection and substitution procedures is appropriate. The parties propose that (1) the interim order be served on all creditors who have filed a proof of claim or requested notice in the Debtor's chapter 7 case, the United States Trustee and the chapter 7 case trustee; (2) that such parties have 30 days from the service of the interim order to seek to continue the litigation as a substituted plaintiff or to object to the relief sought herein; and (3) that barring any objection, an agreed order approving the settlement and dismissing this adversary proceeding be entered.

Finally, the parties do not believe the *Justice Oaks* factors are applicable here, where neither party represents the interests of the estate. *See Wallis v. Justice Oaks II, Ltd. (In re Justice Oaks II, Ltd.)*, 898 F.2d 1544, 1549 (11th Cir. 1990). But even if they were, they would weigh in favor of approval.

The first factor is the probability of success in the litigation.

This litigation involves clear misstatements from which the materiality or intention is difficult to ascertain. That renders the litigation uncertain. The second factor is the difficulties, if any, to be encountered in the matter of collection. The only means of collection here is likely from the garnishment of the Debtor's wages. Since Plaintiff is the only judgment creditor, such benefit would only benefit Plaintiff. That is, no other creditor would likely ever receive any benefit from a judgment in Plaintiff's favor. The third factor is the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it. Other than Plaintiff's claim and the nondischargeable student loan claim, there is only $7,000 in true, dischargeable, unsecured debt. The expense of prosecuting a §727 action would obviously far outweigh any benefit  Finally the final factor is the paramount interest of the creditors and a proper deference to their reasonable views in the premises. Here, as stated, the only creditor substantially affected by the settlement is the Plaintiff. Other creditors will receive their distribution from the chapter 7 trustee, but are unlikely to benefit whether or not Plaintiff wins in this litigation.

For these reasons, the Plaintiff asks this Court to approve the settlement, upon the terms set forth in the attached agreed order.

WHEREFORE, the Plaintiff asks that this Court enter an Order substantially in the form of the attached Exhibit A, and grant such other and further relief as is just and appropriate.

Respectfully submitted,

/s/ Lawrence E. Pecan
Lawrence E. Pecan, Esquire
Florida Bar No. 99086
In-House Counsel
Rialto Capital
790 NW 107 Avenue, Suite 400
Miami, Florida 33172
Lawrence.Pecan@rialtocapital.com

**I agree to this settlement as codified in the above Motion after being fully advised by counsel.**

**Raydene Christian**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the of the foregoing was served on Diego Mendez, as counsel for the Debtor, Ariel Rodriguez, as counsel for the United States Trustee, and the chapter 7 trustee, by email on March 27, 2017.

                                    Respectfully submitted,

                                    /s/ Lawrence E. Pecan
                                    Lawrence E. Pecan, Esquire

Exhibit A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Case No. 16-21260-LMI |
| | Chapter 7 |
| RAYDENE CHRISTIAN, | |
|       Debtor. | |
| _____/ | |
| MULTIBANK 2009-1 RES-ADC VENTURE LLC, | AP No. 16-01544-LMI |
|       Plaintiff, | |
| v. | |
| RAYDENE CHRISTIAN, | |
|       Defendant. | |
| _____/ | |

**INTERIM ORDER ON EXPEDITED MOTION TO DISMISS ADVERSARY
PROCEEDING UPON AGREEMENT OF THE PARTIES**

********THIS ORDER MAY AFFECT YOUR RIGHTS. Any interested party who fails to take action within 30 days as required herein will be deemed to have consented to the entry of an order granting the relief requested in the motion.********

THIS MATTER came before the Court on March 28, 2017, upon the Expedited Motion to Dismiss the Adversary Proceeding Upon Agreement of the Parties [ECF No. ____] (the *"Motion"*). The Court, having held a hearing and being duly informed in the premises ORDERS that.

1. The trial on this matter is continued indefinitely.

2. Raydene Christian shall serve a copy of this Order, the Motion, the Complaint in this case, and the joint pretrial stipulation upon all creditors who have filed a proof of claim or requested notice in the Debtor's chapter 7 case, the United States Trustee and the chapter 7 case trustee;

3.  Such parties shall have 30 days from the service of this Order to seek to continue the litigation as a substituted plaintiff or to object to the relief sought herein by serving and filing either a motion to intervene or an objection to the Motion;

4.  If, by May 3, 2017, there has been no objection or motion to substitute, Plaintiff may upload the order attached as Exhibit 1 hereto, approving the settlement and dismissing this adversary proceeding.

###

Exhibit 1

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:                                                    Case No. 16-21260-LMI

                                                          Chapter 7

RAYDENE CHRISTIAN,

       Debtor.
_____/

MULTIBANK 2009-1 RES-ADC                                  AP No. 16-01544-LMI
VENTURE LLC,

       Plaintiff,

v.

RAYDENE CHRISTIAN,

       Defendant.
_____/

**FINAL ORDER GRANTING EXPEDITED MOTION TO DISMISS
ADVERSARY PROCEEDING UPON AGREEMENT OF THE PARTIES**

THIS MATTER came before the Court on _____ upon the Expedited Motion to Dismiss the Adversary Proceeding Upon Agreement of the Parties [ECF No. ____] (the *"Motion"*), and the interim order thereupon. The Court, noting that there has been no objection to the proposed settlement nor has any party sought to intervene, ORDERS as follows:

1. The case is dismissed.

2. This Court retains jurisdiction to enforce this Order.

3. The terms of the settlement are approved as follows, which shall be binding on all parties to this case:

    a. $5,000.00 shall be paid to Plaintiff within 45 days

    b. $5,000.00 shall be paid to Plaintiff on or before May 1, 2018

    c. $500.00 per month shall be paid to Plaintiff for 24 months, beginning June 1, 2017.

    d. To the extent the distribution on the Plaintiff's unsecured claim is less than $10,000.00, the difference between such amount and $10,000.00 shall be paid to Plaintiff on May 1, 2019.

    e. Upon nonpayment of any amount due, Plaintiff shall provide 30 days notice to counsel for the Debtor. If not cured within such time, Plaintiff shall be entitled to an ex parte order revoking the Debtor's Discharge.

    f. Effective upon the entry of the order dismissing the adversary proceeding, the Debtor shall be deemed to release Plaintiff, and its/their parent and affiliates

(including but not limited to Rialto Capital Advisors, LLC and Rialto Capital Advisors of New York, LLC), Quantum Servicing Corporation, the Federal Deposit Insurance Corporation, acting in any and every capacity, including but not limited to its capacity as Receiver for the original lender (the "FDIC"), and the original lender, and each of their respective affiliates, agents and assigns the *"Rialto Releasees"*) for any claim or cause of action, known or unknown.

g. Upon payment in full of all amounts set forth in (a)-(d) above, the Rialto Releasees will be deemed to release the Debtor from any liability.

h. All payments pursuant to this Order shall be sent to Quantum Servicing Corp, 6302 E. MLK Blvd., Suite 310 Tampa, FL 33619. All payments shall bear the memo "7000042452."

###